*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1644**

In the Matter of the Welfare of the Child of:
J. M. K. and J. Z. J., Parents.

**Filed February 6, 2017
Reversed and remanded
Johnson, Judge**

Stearns County District Court
File No. 73-JV-16-2855

Kimberly A. Stommes, St. Cloud, Minnesota (for appellant-mother J.M.K.)

J.Z.J., Foley, Minnesota (pro se respondent-father)

Janelle P. Kendall, Stearns County Attorney, Heidi L. Santiago Deford, Michael J. Lieberg, Assistant County Attorneys, St. Cloud, Minnesota (for respondent Stearns County)

Lori Hanson, Waite Park, Minnesota (guardian ad litem)

Considered and decided by Peterson, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

# U N P U B L I S H E D   O P I N I O N

**JOHNSON**, Judge

The district court terminated a mother's parental rights to her child. On appeal, she challenges the district court's determination that termination is justified by egregious harm to the child and the district court's determination that termination is in the child's best interests. In response, the county concedes that the district court erred by not making

adequate findings on the issue of egregious harm. For that reason, we reverse and remand for additional findings.

**FACTS**

J.M.K. is the mother of a boy, who was born in March 2015. On January 29, 2016, J.M.K. was living with the child's father, J.Z.J. That morning, after she dropped off the child at a day-care center, a day-care employee noticed some bruising on the child's face. The employee later noticed bruises on the child's legs, hips, and sternum while changing his diaper. The employee had not noticed any marks or bruises on the child the day before. The employee reported the issue to the director of the day-care center, who called the Stearns County Social Services department. A county child-protection-assessment employee and a police officer visited the day-care center later that day to examine the child.

Police officers interviewed J.M.K. and J.Z.J. on February 1, 2016. J.M.K. said that the child's bruises were caused when she fell on ice while carrying him. She also said that the child had fallen in the bathtub. J.Z.J. said that he does not provide care for the child. The parents gave inconsistent and conflicting stories about who had cared for and dressed the child on the morning of January 29. Four days later, a pediatrician examined the child and determined that the bruises were inconsistent with the parents' explanations and that the pattern and number of bruises indicated physical abuse.

On March 24, 2016, the county filed a petition to terminate the parental rights of J.M.K. and J.Z.J. The petition alleged only one statutory basis for termination, that the child suffered egregious harm while in the care of J.M.K. and J.Z.J. *See* Minn. Stat. § 260C.301, subd. 1(b)(6) (2016). After J.Z.J. failed to appear for a pre-trial hearing, the

2

district court terminated his parental rights by default. The issue of J.M.K.'s parental rights was tried on two days in July 2016. One week after the trial, J.Z.J. entered an *Alford* plea to committing domestic assault against J.M.K. *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). In September 2016, the district court issued a written order in which it granted the county's petition with respect to J.M.K.'s parental rights. J.M.K. appeals.

**D E C I S I O N**

J.M.K. argues that the district court erred by granting the county's petition to terminate her parental rights, for two reasons. First, she argues that the evidence is insufficient to support a finding of egregious harm and that the district court's findings on that issue are inadequate. Second, she argues that the termination of her parental rights is not in the child's best interests.

Parental rights may be terminated "only for grave and weighty reasons." *In re P.T.*, 657 N.W.2d 577, 591 (Minn. App. 2003), *review denied* (Minn. Apr. 15, 2003). Before terminating parental rights, a district court must find that "at least one statutory ground for termination is supported by clear and convincing evidence and termination is in the best interests of the child, provided that the county has made reasonable efforts to reunite the family." *In re Welfare of Children of S.E.P.*, 744 N.W.2d 381, 385 (Minn. 2008) (citations omitted). This court "review[s] the district court's findings to determine whether they address the statutory criteria for termination of parental rights and are not clearly erroneous." *In re Children of T.R.*, 750 N.W.2d 656, 660 (Minn. 2008). We give "[c]onsiderable deference" to the district court's findings because it "is in a superior

3

position to assess the credibility of witnesses." *In re Welfare of L.A.F.*, 554 N.W.2d 393, 396 (Minn. 1996).

Egregious harm is defined by statute as "the infliction of bodily harm to a child or neglect of a child which demonstrates a grossly inadequate ability to provide minimally adequate parental care." Minn. Stat. § 260C.007, subd. 14 (2016). To justify the termination of parental rights, egregious harm must be of a "nature, duration, or chronicity that indicates a lack of regard for the child's well-being, such that a reasonable person would believe it contrary to the best interest of the child or of any child to be in the parent's care." *Id.* at § 260C.301, subd. 1(b)(6). In some circumstances, the egregious-harm provision may permit the termination of a parent's rights even if the parent did not personally inflict the harm or was not physically present when the egregious harm was inflicted. *In re Welfare of Child of T.P.*, 747 N.W.2d 356, 361-62 (Minn. 2008). If a parent did not personally inflict egregious harm on a child, a district court may terminate the rights of the parent only if the court finds "that the parent either knew or should have known that the child had experienced egregious harm." *Id.* at 362. Whether a parent knew or should have known of the egregious harm is "necessary, but not sufficient" to satisfy the "nature, duration, or chronicity" requirement of section 260C.301, subdivision 1(b)(6). *Id.* at n.4.

In this case, the district court found that "the injuries inflicted upon [the child] have been proven by clear and convincing evidence to have occurred in the residence shared by [J.M.K.] and [J.Z.J.] on January 29, 2016 while . . . [J.M.K.] was home, if not actually in the room where the abuse occurred." The district court did not make a finding that J.M.K. either inflicted egregious harm on the child or that she knew or should have known of

4

egregious harm. The county concedes that the district court did not make a finding that satisfies the statute in the manner required by *T.P.* In addition, the county argues that this court cannot conduct a meaningful form of appellate review without more detailed findings. Accordingly, the county urges us to remand the case to the district court for additional findings.

We agree with the county that the district court's findings do not address the pertinent issues identified in *T.P.*, that the absence of such findings frustrates appellate review, and that it is necessary to remand the case to the district court for additional findings. For that reason, we refrain at this time from considering J.M.K.'s argument that the evidence is insufficient to support a finding of egregious harm. We also refrain at this time from considering J.M.K.'s argument that the termination of her parental rights is not in the child's best interests.

**Reversed and remanded.**